## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## GREENBELT DIVISION

PATRICIA SAUNDERS,

      Plaintiff,

v.                                  CIVIL ACTION NO.

I.Q. DATA INTERNATIONAL, INC.,

      Defendant.

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

PATRICIA SAUNDERS ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against I.Q. DATA INTERNATIONAL, INC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. (FDCPA).

2.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.      Defendant conducts business in the state of Maryland, and therefore, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person residing in Fort Washington, Prince George's County, Maryland, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation located in Everett, Washington.

9.      Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10.      Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11.      On the morning of January 12, 2011, Plaintiff received a call from Defendant's representative, Raquel Beal, seeking and demanding payment for an alleged debt.

12.      During the January 12, 2011 conversation, Plaintiff disputed the debt stating she did not live at Chelsea West Apartment and her name should have been removed from the lease by the Assistant Resident Manager as agreed to prior to the commencement of the lease.

13.      On the afternoon of January 12, 2011, Defendant called Plaintiff and told her that she should start thinking on how to pay the debt before Defendant starts legal proceedings against her.

14.      Defendant's representative, Shannon Harman, told Plaintiff that if she did not pay the alleged debt, Defendant would move forward and get the money involuntarily.

15.      Defendant's representative, Shannon Harman, told Plaintiff that she had pulled her asset report and were going to proceed to involuntarily collect the money.

2

16.     On January 13, 2011, Plaintiff told Defendant that she was not allowed to receive any more personal calls at work since her employer did not allow it.

17.     Despite being notified by Plaintiff that she was not allowed to receive personal calls at work, Defendant contacted Plaintiff twenty to thirty minutes after she told Defendant that she was not allowed to received personal calls.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

18.     Defendant violated the FDCPA based on the following:

a.   Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at his place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications;

b.   Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

c.   Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect;

d.   Defendant violated *§1692e(4)* of the FDCPA by threatening to place a lien on Plaintiff's property when Defendant did not intend to take such action;

e.   Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so;

f.   Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even

3

though Defendant does not intend to do so; and

    g.   Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to place a lien on Plaintiff's property when Defendant did not intent to take such action.

WHEREFORE, Plaintiff, PATRICIA SAUNDERS, respectfully requests judgment be entered against Defendant, I.Q. DATA INTERNATIONAL, INC., for the following:

19. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

21. Any other relief that this Honorable Court deems appropriate.

Dated:  June 15, 2011

By: /s/ Frederick Nix
    Frederick Nix, Esq.
    Law Office of Fredrick E. Nix
    240 S Potomac Street
    Hagerstown, MD 21740
    Phone:  (888) 221-6685
    Fax:  (888) 599-8707
    fredrick.nix@attorneynix.com
    Attorney for Plaintiff

    Of Counsel
    Krohn & Moss, Ltd.
    10474 Santa Monica Blvd., Suite 401
    Los Angeles, CA 90025

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICIA SAUNDERS, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF *Maryland*

COUNTY OF PRINCE GEORGE)

Plaintiff, PATRICIA SAUNDERS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, PATRICIA SAUNDERS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_6/6/11_
Date

_Patricia Saunders_
PATRICIA SAUNDERS

5